UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AFFORDABLE ROOFING, SIDING, AND GUTTERS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **No. 16-16872** |
| **BRAD M. ARTIGUES ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is defendants Brad Artigues's ("Artigues") and the Artigues Roofing Company's ("Artigues Roofing") motion[1] for partial summary judgment. For the following reasons, the motion is granted in part and denied in part.

### I.

Defendant Artigues used to work for plaintiff Affordable Roofing, Siding, and Gutters, Inc ("Affordable Roofing" or "Affordable"). After either quitting or being discharged, he started his own roofing company. Artigues then began soliciting Affordable Roofing customers for his new business.

Affordable Roofing was none too pleased with Artigues's new venture. It has filed suit to enforce what it claims were non-compete and non-solicitation clauses in Artigues's employment contract, as well as recover items from Artigues that Afforable alleges were stolen by him. The employment contract provided:

> Employee agrees that during Employee's employment and for a period of one (1) year after termination of the Period of Employment . . . Employee shall not, direct or indirectly, (i) employ, solicit for employment, or recommend for employment any person employed by Company (or any Affiliate); and (ii)

---

[1] R. Doc. No. 17.

> engage in any present or contemplated business activity that is or may be competitive with Company (or any Affiliate) in any state where Company conducts its business, unless Employee can prove that any action taken in contravention of this subsection (ii) was done without the use in any way of Confidential Information.  Employee acknowledges that pursuit of such activities will necessarily involve the use, disclosure or misappropriation of Confidential Information.

R. Doc. No. 17-5, at 5.

Affordable Roofing obtained a temporary restraining order in state court, banning Artigues and his company from, among other things:

- Communicating with clients or potential clients of Affordable.
- Soliciting any clients or potential clients of Affordable.
- Employing or soliciting for employment any individual employed by Affordable.
- Directly or indirectly engaging in any business practice that is or may be competitive with Affordable
- Making representations that he is employed by Affordable
- Directly or indirectly using or disclosing Affordable's confidential information.
- Soliciting any payment from Affordable clients.

R. Doc. No. 17-4.

After the state court issued the temporary restraining order, the defendants removed the matter to this Court and the temporary restraining order expired shortly after removal. R. Doc. No. 14. Defendants now move for partial summary judgment arguing that (1) the non-compete provision in the contract is null and void, (2) the

contract does not contain a non-solicitation of customers provision, and (3) plaintiff is not entitled to injunctive relief.

## II.

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines that there is no genuine dispute of material fact. *See* Fed. R. Civ. P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986).  The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue.  *Id.*  The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

### III.

Louisiana law permits non-compete agreements that preclude an "agent, servant, or employee" from competing "within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein." La. R.S. 23:921(c).  Artigues's employment contract, however, does not specify any particular parish or municipality.  Instead, the contract simply precludes Artigues from competing "in any state where [Affordable] conducts its business." R. Doc. No. 17-5, at 5 ¶ 9.  Therefore, defendants argue that the non-compete clause is "null and void." La. R.S. 23:921(a).

In response, Affordable concedes that it does not comply with the plain language of La. R.S. 23:921.  *See* R. Doc. No. 19, at 6 ("[O]n its face the non-compete provision . . . does not comply with La. R.S. 23:921 . . . .").  Nonetheless, Affordable suggests that—notwithstanding the contract's failure to specify the parishes and municipalities in which the non-compete provision applies—the clause may be enforced because Artigues knew the parishes in which Affordable operated and therefore knew the parishes in which the non-compete provision applied.  *See, e.g.*, *Petroleum Helicopters, Inc. v. Untereker*, 731 So.2d 865, 967 (La. App. 3d Cir. 1997);

4

*see also Porter v. Milliken & Michaels, Inc.*, No. 99-199, 2001 WL 617184 (E.D. La 2001) (relying on *Petroleum Helicopters*).  In the alternative, Affordable suggests that the Court enforce the contract's severance clause, R. Doc. No. 17-2, at 15, and sever and/or reform the non-compete provision so that it complies with Louisiana law.

The Court rejects Affordable's position. *See, e.g., Gearhead v. De Puy Orthopaedics, Inc.* No. 99-1091, 1999 WL 638582, at *4 (E.D. La. 1999) (Clement, J.) ("Louisiana's approach to non-competition agreements requires mechanical adherence to the requirements listed in the law (especially the geographical and time limitations)." (internal quotation marks omitted)).  Affordable's argument—and the Louisiana Third Circuit case law on which it relies—is inconsistent with the plain text of La. R.S. 23:921.  *See Aon Risk Servs. of La. v. Ryan*, 807 So. 2d 1058, 1060 (La. App. 4th Cir. 2002) ("We beg to differ with the reasoning of our learned brothers of the Third Circuit. We find that the clear language of LSA-R.S. 23:921 requires that the agreement specify the parishes . . . .  If this Court were to adopt the position espoused by the plaintiff, there would have been no reason for the legislature to have included the requirement that the parishes be specified."); *Turner Prof'l Servs., Ltd. v. Broussard*, 762 So. 2d 184, 186 (La. App. 1st Cir 2000) ("In our opinion, *Petroleum Helicopters* goes too far, and we decline to follow it."), *writ denied,* 2000-1717 (La. 9/29/00), 770 So. 2d 356; *see also Waguespack v. Medtronic, Inc.*, 185 F. Supp. 916, 930 (M.D. La. 2016) ("[T]he cases cited by Defendants are from Louisiana's Third Circuit Court of Appeals, which appears to be an outlier circuit. Indeed, other Louisiana courts of appeals have questioned the Third Circuit's reasoning.");

*Ferrellgas, L.P. v. McConathy*, No. 10-178, 2010 WL 1010831, at *4 (W.D. La. 2010) ("[W]e find no reason to conclude that the Louisiana Supreme Court would deviate from the approach articulated by the majority of the state appellate courts."); *cf. Restivo v. Hanger Prosthetics & Orthotics, Inc.*, No. 06-32, 2007 WL 1341506, at *4 (E.D. La. 2007) ("While a strict interpretation of the statute can be criticized as being overly technical, such a reading is consistent with Louisiana's strong public policy prohibiting covenants not to compete.").

Further, as the Louisiana Supreme Court has explained, the entire point of the specify-the-parishes requirement was to transition to "more objective measures of an agreement's validity." *SWAT 24 Shreveport Bossier, Inc. v. Bond*, 808 So. 2d 294, 304 (La. 2001); *see also Waguespack*, 185 F. Supp. at 929 (noting that non-compete agreements are supposed to be "clearly discernible" so that employees can determine "on the front end . . . what their potential restrictions would be"). Yet, Affordable's position—that a company can make no effort at all to comply with Louisiana law and then expect a court to interpret and/or reform the agreement so that the agreement is as broad as is legally possible—frustrates that goal. *See, e.g.*, *Aon Risk Servs.*, 807 So. 2d at 1062. After all, in such a world, employers will have every incentive to write overbroad non-compete provisions with no discernable breadth, knowing full well that the courts will cure defaults. *See, e.g.*, *Team Environmental Servs., Inc. v. Addison*, 2 F.3d 124, 127 (5th Cir. 1993) ("Were courts to . . . enforce agreements like those at bar, employers would be free routinely to present employees with grossly overbroad covenants not to compete. . . . The result would be an impact on the

6

employer-employee relationship not intended by the legislature."). Accordingly, both the text of La. R.S. 23:921 as well as the policy concerns motivating adoption of the provision preclude this Court from adopting Affordable's position that the non-compete clause is valid notwithstanding Affordable's failure to strictly comply with La. R.S. 23:921.

The Court additionally declines Affordable's request to re-write the non-compete provision. *See, e.g.*, *Kimball v. Anesthesia Specialists of Baton Rouge, Inc.*, 809 So. 2d 405, 413 (La. App. 1st Cir. 2001) ("We cannot simply rewrite the non-compete clause so as to make it comply with the statute."). The severability clause does not "require a court to reform, redraft, or create a new agreement. It required only that the offending portion of the agreement be severed." *SWAT 24*, 808 So. 2d at 309.[2] The Court therefore does so, and it will sever the "null and void," La. R.S. 23:921(a), non-compete provision from the remainder of the employment contract.

The motion for partial summary judgment that the non-compete clause is null and void as a matter of law will be granted.

## IV.

Defendants next move for partial summary judgment in connection with their argument that the employment contract does not contain a non-solicitation of customers provision. In response, Affordable concedes that the contract does not have a formal non-solicitation of customers provision, but it suggests that the provisions

---

[2] *See also Comet Indus., Inc. v. Lawrence*, 600 So. 2d 85, 88 (La. App. 2d Cir. 1992) ("We therefore find the contract to be null and void and decline to reform it.").

7

prohibiting Artigues from using customer lists also serve as a non-solicitation provision. That provision provides that "Employee will not, directly or indirectly, use . . . any of Company's Confidential Information," and defines "Confidential Information" to include "lists of customers." R. Doc. No. 17-2, at 11. The restrictions on the use of any such information do not expire until two years after the termination of the employment contract. R. Doc. No. 17-2, at 12.

The Court agrees with Artigues. In the first place, if the prohibition against using customer lists is really a non-solicitation provision in disguise, then it is invalid. Non-solicitation of customers provisions in Louisiana are subject to the same restrictions as non-compete provisions. *See* La. R.S. 23:921(C). Thus, even if there was a non-solicitation of customers provision in the contract, it would be null and void for failing to specify the parishes in which it applies. But even more importantly, the prohibition against using customer lists does not prohibit soliciting customers—rather it merely prohibits using confidential company information to solicit customers.

The contract therefore does not, as a matter of law, have a non-solicitation of customers provision, let alone a valid and enforceable one. Accordingly, the Court will also grant defendants' motion for partial summary judgment that the contract does not contain a non-solicitation of customers provision.[3] The Court does not address

---

[3] The employment agreement does include a non-solicitation clause limiting the solicitation of employees. *See* R. Doc. No. 17-2, at 14 ("Employee shall not, directly or indirectly, (i) employ, solicit for employment, or recommend for employment any person employed by the Company (or any Affiliate)." This non-solicitation of employees clause, as distinct from a non-solicitation of customers clause, is not

whether defendants violated any of the contract's restrictions on the use of customer lists or customer information.

V.

Finally, defendants ask this Court to determine that Affordable is not entitled to injunctive relief. This Court is not prepared to take that step as of now. While the contract does not contain enforceable non-compete and non-solicitation of customers provisions, Affordable's claims for equitable relief are not based solely on the allegation that Artigues violated the non-compete and supposed non-solicitation provisions of the contract. Instead, the lawsuit alleges that Affordable is entitled to equitable relief because Artigues and Artigues Roofing engaged in a host of activities that violated the employment contract—such as, for example, competing using proprietary materials stolen from Affordable as well as holding themselves out as Affordable Roofing. Accordingly, defendants' request that this Court determine that certain remedies are not available to Affordable is premature insofar as there are still live allegations in the complaint that may support an injunction prohibiting certain types of conduct by defendants. This Court therefore denies summary judgment on the question of whether Affordable may obtain injunctive relief, and again defers the question of attorney's fees and costs until the conclusion of this matter.

Accordingly,

---

subject to the requirements of La. R.S. 23:921. *See Smith, Barney, Harris Upham & Co., Inc. v. Robinson*, 12 F.3d 515, 519 (5th Cir. 1994). As such, this opinion expresses no view on the validity of the non-solicitation of employees clause.

**IT IS ORDERED** that defendants' motion for partial summary judgment is granted in part and denied in part as set forth herein.

New Orleans, Louisiana, February 22, 2017.

_____
          **LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**